UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVELERS INDEMNITY COMPANY OF CONNECTICUT,<br>Plaintiff,<br>v.<br>SKANSKA USA CIVIL WEST CALIFORNIA DISTRICT, INC.; ZURICH AMERICAN INSURANCE COMPANY; and STARR INDEMNITY & LIABILITY COMPANY,<br>Defendants.<br>AND RELATED COUNTERCLAIMS AND CROSSCLAIMS | Case No.: 3:26-cv-4042-CAB-MMP<br>**ORDER GRANTING THE PARTIES' JOINT MOTION FOR LEAVE TO AMEND DEFENDANT STARR INDEMNITY & LIABILITY COMPANY'S ANSWER**<br>[Doc. No. 36] |

Before the Court is the parties' joint motion for leave to amend Defendant Starr Indemnity & Liability Company's ("Starr") answer to Plaintiff Travelers Indemnity Company of Connecticut's ("Travelers") complaint. [Doc. No. 36.] For the reasons discussed below, the motion is **GRANTED**.

On July 14, 2026, Travelers filed suit against Defendants Skanska USA Civil West California District, Inc. ("Skanska"), Zurich American Insurance Company ("Zurich"), and Starr. [Doc. No. 1.] On August 6, 2026, Zurich filed an answer to the initial complaint, along with a crossclaim against Starr and a counterclaim against Travelers. [Doc. No. 11.] Starr filed an answer to Travelers' initial complaint on August 10, 2026. [Doc. No. 15.] On August 25, 2026, Skanska filed its answer to the initial complaint, a counterclaim against Travelers, and a crossclaim against Starr. [Doc. No. 19.] Starr filed an answer to Skanska's crossclaim on September 15, 2026. [Doc. No. 26.] Starr filed an answer to Zurich's crossclaim on October 23, 2026. [Doc. No. 34.] On October 26, 2026, the parties filed a joint motion and stipulation for leave to amend Defendant Starr's answer to Travelers' complaint. [Doc. No. 36.]

A "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Courts apply this policy with "extreme liberality." *Eminence Cap., LLC v. Aspeon*, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003). Five factors are commonly used to assess the propriety of granting leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the party has previously amended the pleading. *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990); *Foman v. Davis*, 371 U.S. 178, 182 (1962). In conducting this five-factor analysis, the Court must grant all inferences in favor of allowing amendment. *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

This is the first request to amend Starr's answer, and having reviewed the record, the Court does not find undue delay, bad faith, prejudice, or futility. Accordingly, the Court finds no basis to deny leave to amend.

///

///

///

///

///

For good cause shown, the Court **GRANTS** the parties' joint motion for Starr to file an amended answer to Travelers' complaint. Starr shall file its amended answer by **November 5, 2026**.

It is **SO ORDERED**.

Dated: November 2, 2026

Hon. Cathy Ann Bencivengo
United States District Judge